[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 1779
This is a five count complaint claiming negligence and breach of contract against defendant housing authority for soliciting plaintiffs to provide housing for a Section 8 housing assistance tenant and thereafter failing to properly inspect the premises for a lead hazard knowing that the proposed tenant family included a child under six years of age. Plaintiffs claim that thereafter the dwelling unit occupied by the tenant was condemned resulting in loss of rental income and the expenditure of funds for removing the lead contaminated surfaces.
Defendant moves to strike Count Five of the complaint which alleges a CUTPA violation as well as claims for relief seeking punitive damages and attorneys fees.
Our Supreme Court has ruled that a local housing authority is exempt from CUTPA because it is pervasively regulated by the state department of housing and H.U.D.Connelly v. Housing Authority, 213 Conn. 354 (1990). This view is stated in texts as a principle of law. Langer, Morgan Belt Connecticut Unfair Trade Practices Act, (1994) p. 93. Most Superior Court decisions have broadened, rather than restricted the scope of this ruling making it applicable to municipalities as well as housing authorities. See summary of decisions in Mountaindale Condo. Assn. Inc.v. Zappone, et al., Superior Court, judicial district of Litchfield, Docket No. 067279 (Walsh, R.J., June 26, 1996). Specific rulings of this court have been in accord with this majority rule. Lomaglio Construction v. Town of Berlin,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529998 (March 8, 1994, Wagner, J., 11 CONN. L. RPTR. 239); Metropolitan District v. Miller,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 386088, 5 CONN. L. RPTR. 44, 6 CSCR 919
(September 16, 1991, Wagner, J.). Rollins Leasing Corp. v.Conn. Resources Recovery Authority, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 549301 (December 8, 1995, Wagner, J.). At least one superior court decision squarely supports the blanket exception of housing authority from CUTPA Carpenter v.Housing Authority, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 472650 CT Page 1780 (July 16, 1996, Arena, J.).
Plaintiffs seek to distinguish these decisions and authority because the present case involves a housing authority action in which it is not acting as a landlord but as a broker arranging for a private landlord, like plaintiffs, to lease their property to a private citizen.
This court fails to see the distinction for purposes of CUTPA analysis between a housing authority renting a unit directly and a housing authority brokering a private rental unit to a tenant. Both activities are subject to the extensive statutory provisions set forth in Chapter 128 of General Statutes, among the most prominent of which are provisions in § 8-43 for the removal of any commissioner of or authority for "inefficiency, neglect of duty or misconduct of office." In addition each authority is, as pointed out in Connelly supra, subject to pervasive federal regulation pursuant to the United States Housing Act of 1937 and implementing regulations in title 24 of the Code of Federal Regulations. Under General Statutes § 42-110c a municipal housing authority is excepted from liability under CUTPA when under its statutory powers it arranges for the lease of a qualified private apartment to a qualified tenant, even though it might otherwise be liable for failure to perform a required lead inspection.
Since plaintiffs' claim under CUTPA cannot be maintained, their claims for punitive damages and attorneys fees is "without an anchor" and must similarly be deemed insufficient at law.
Motion to strike Count Five and claims for relief numbered 2, 3, 4, and 5 is granted.
Jerry Wagner Judge Trial Referee